# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY EMANUEL BAKER,** | : | |
| Petitioner | : | |
| | : | No. 1:19-cv-236 |
| v. | : | |
| | : | (Judge Rambo) |
| **MARK GARMAN,** *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

On February 11, 2019, Petitioner Troy Emanuel Baker ("Petitioner"), an inmate at the State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On February 15, 2019, Magistrate Judge Carlson issued a show cause Order upon Respondent. (Doc. No. 4.) That same day, Magistrate Judge Carlson issued an Administrative Order, informing Petitioner of the limitations upon his right to file another habeas petition in the future if his current petition was considered on the merits by the Court.[1] (Doc. No. 5.) Respondent filed a response to the petition, along with exhibits, on April 12, 2019. (Doc. No. 6.) Petitioner has neither filed a traverse nor a motion for an extension of time to do so, and the time

---

[1] This Administrative Order notified Petitioner that if he did not complete and return the attached Notice of Election on or before February 28, 2019, his petition would be ruled upon pursuant to 28 U.S.C. § 2254. (Doc. No. 5 at 3.) Petitioner never returned the Notice of Election to the Court.

period for filing a traverse has expired. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the petition will be denied.

I.  STATEMENT OF THE CASE

    A.  **Procedural History**

Following a jury trial that concluded on February 5, 2016, Petitioner was found guilty of four (4) counts of conspiracy and burglary in the Court of Common Pleas for Dauphin County, Pennsylvania. *Commonwealth v. Baker*, No. 454 MDA 2016, 2017 WL 3268500, at *1, 4 (Pa. Super. Ct. Aug. 1, 2017). Petitioner was sentenced to an aggregate term of six (6) years and eight (8) months to fifteen (15) years of incarceration. *Id.* at *1. Petitioner timely filed a direct appeal to the Superior Court of Pennsylvania, which affirmed his judgment of sentence on August 1, 2017. *Id.* at *22. On January 23, 2018, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Baker*, 595 MAL 2017, 180 A.3d 738 (Pa. Jan. 23, 2018). Public dockets reflect that Petitioner did not file a Post Conviction Relief Act ("PCRA") petition challenging his convictions and sentence. *See Commonwealth v. Baker*, Nos. CP-22-CR-0000034-2014 & CP-22-CR-0002151-2014 (C.C.P. Dauphin Cty).[2] Petitioner filed his petition for a writ of habeas corpus with this Court on February 11, 2019. (Doc. No. 1)

---

[2] A district court may take judicial notice of state-court records, as well as its own. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

### B. Habeas Claims Presented

The Court construes Petitioner's habeas corpus petition as raising the following claims:

1. Whether Petitioner is illegally incarcerated without an arrest warrant;

2. Whether the law enforcement officials who arrested Petitioner lacked probable cause to stop his vehicle; and

3. Whether law enforcement officials committed kidnapping, unlawful restraint, false imprisonment, criminal conspiracy, and official oppression during Petitioner's arrest.

(Doc. No. 1; *see* Doc. No. 6 at 4.)

## II. STANDARD OF REVIEW

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68; *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

## III. DISCUSSION

It is first necessary to determine whether Petitioner's claims presented in his habeas petition are cognizable in a federal habeas proceeding and whether they have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default.

Under 28 U.S.C. § 2254(b), a state prisoner must exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996), *abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53 (2009); *Burkett v. Love*, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner has the burden of establishing that the exhaustion requirement has been met. *Ross v. Petsock*, 868 F.2d 639, 643 (3d Cir. 1989); *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claim prior to exhaustion when no appropriate state remedy exists. *Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997); *Doctor*, 96 F.3d at 681; *Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995). Nevertheless, a petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. *See* 28 U.S.C. § 2254(c).

Turning to procedural default, if a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Lines*, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750; *Caswell v. Ryan*, 953 F.2d 853, 857, 861-62 (3d Cir. 1992). To

satisfy the first exception, a petitioner must show: (1) cause for his failure to raise his claim in state court; and (2) prejudice to his case as a result of that failure. *Coleman*, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must then prove "prejudice." "Prejudice" must be something that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. *See Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000).

Respondent contends that all of Petitioner's claims were not properly exhausted in state court. Upon review of the record, the Court agrees. To comply with the exhaustion requirement, Petitioner was required to present all of his federal habeas claims to the state courts in his direct appeal or in a PCRA proceeding. Because Petitioner did not raise any of his claims with the state courts prior to filing his federal habeas petition, the Court must now determine whether Petitioner has any other available state court remedy through which he can present his unexhausted claims.

Under the PCRA, a petitioner may file a PCRA petition only if it is filed within one (1) year of the date the judgment becomes final unless the petitioner alleges facts that meet of one of the requirements set forth in 42 Pa. Cons. Stat. § 9545(b)(1), which Petitioner has not. The Supreme Court of Pennsylvania has held that the PCRA's timeliness requirements are mandatory and jurisdictional in nature; thus, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. *See, e.g., Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000). Petitioner therefore no longer has the procedural means to raise his claims in the state courts as the PCRA's one-year statute of limitations has expired.

The PCRA's time limitations are an independent and adequate state law ground sufficient to invoke the procedural default doctrine for purposes of federal court review. *See Lines*, 208 F.3d at 165. As set forth above, the Court may not review Petitioner's defaulted claims unless he establishes cause and prejudice or a fundamental miscarriage of justice. *McCandless*, 172 F.3d at 260. Petitioner neither argues cause and prejudice, nor the existence of a fundamental miscarriage of justice. Consequently, he is not entitled to habeas corpus relief on any of the three grounds he raises.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). In the instant matter, jurists of reason would not find the disposition of Petitioner's petition debatable. As such, no COA will issue.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be denied and a COA will not issue. An appropriate Order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: May 6, 2019